# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

ASSOCIATION OF HOLOCAUST VICTIMS : 
FOR RESTITUTION OF ARTWORK : 
and MASTERPIECES, a/k/a "AHVRAM", : 
MRS. ERNA DEUTSCH; : 
DR. JORAM DEUTSCH; : 
and EDWARD DAVIS FAGAN : 
                        **Plaintiffs,** : 
    vs. : 

FEDERATION OF RUSSIA; et al and : 
REPUBLIC OF GERMANY, : 
                 **Defendants.** : 

**CIVIL ACTION #**

**04-CIV-8456 (LTS)**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/06/04

------------------------------------------------------------X
------------------------------------------------------------X

ASSOCIATION OF HOLOCAUST VICTIMS : 
FOR RESTITUTION OF ARTWORK : 
and MASTERPIECES, a/k/a "AHVRAM", : 
MRS. ERNA DEUTSCH; : 
DR. JORAM DEUTSCH; : 
and EDWARD DAVIS FAGAN, : 
                        **Plaintiffs,** : 
    vs. : 

REPUBLIC OF HUNGARY; et al and : 
REPUBLIC OF GERMANY, : 
                 **Defendants.** : 

**CIVIL ACTION #**

**04-CIV-8457 (LTS)**

------------------------------------------------------------X

## PLAINTIFFS' ORDER TO SHOW CAUSE RELATED TO PRESERVATION, IDENTIFICATION, INVENTORYING AND LIMITED PRODUCTION THE DEUTSCH FILES/DOCUMENTS

**THIS MATTER HAVING COME ON TO BE HEARD,** upon the

annexed Affidavit of Joram Deutsch, dated December 3, 2004, as well as the

supporting letter memorandum and the attachments thereto, together with the

------------

*AHVRAM/DEUTSCH et al v. Russian Federation & Germany, 04-Civ-8456 (LTS);*
*AHVRAM/DEUTSCH et al v. Republic of Hungary & Germany, 04-Civ-8457 (LTS);*
*Order to Show Cause for Preservation of Evidence – Page 1*

Dockets.Justia.com

pleadings and proceedings heretofore and herein, and the Court having considered

the need for the limited emergent relief as requested by plaintiff, and for good

cause being shown;

**IT IS HEREBY ORDERED** that defendants shall show cause before this

Court, and the Honorable Laura Taylor Swain, USDJ, United States District Court

for the Southern District of New York, 40 Foley Square, Courtroom 444, New

York, NY, ~~Courtroom~~ , on _December 16_ , 200 4 at _9 30_

o'clock in the _fore_ noon why the Court should not grant plaintiffs request that:

1. That defendants should be enjoined from destroying any documents
related to:

   a. The files related to the Criminal Prosecution of Prof. Hans Deutsch
   and subsequent civil proceedings from the 1960s to the present;

   b. Copies of insurance policies and all applications and supporting
   documents, related to artwork, paintings and collections still held
   by The Republic of Germany;

   c. The inventory of paintings for which Republic of Germany
   claimed it has NOT been unable to find or locate the true "owners"
   of the artwork;

*AHVRAM/DEUTSCH et al v. Russian Federation & Germany, 04-Civ-8456 (LTS);*
*AHVRAM/DEUTSCH et al v. Republic of Hungary & Germany, 04-Civ-8457 (LTS);*
*Order to Show Cause for Preservation of Evidence – Page 2*

d. The protocols used or which should have been used by the Republic of Germany in attempting to locate the owners;

e. Documents related to the location, conditions and safeguards under which the paintings are being kept;

f. The secret protocol and all notes related thereto of a 1963 Meeting of former SS members who were convened in Spain, and which meeting included persons working in conjunction with the Ministry, and who during the meeting dedicated a portion of the discussion to issues related to Art Restitution;

g. All documents between officials in the German Ministry of Finance, and persons in Austria, Germany, Switzerland and the United States related to the criminal prosecution of Prof. Hans Deutsch;

h. All documents evidencing interactions between the German Ministry of Finance, including Dr. Feaux de la Croix (former Finance Minister Director), and persons and/or officials in the United States related to the former Hatvany Collection paintings and Prof. Hans Deutsch;

-------------
*AHVRAM/DEUTSCH et al v. Russian Federation & Germany, 04-Civ-8456 (LTS);*
*AHVRAM/DEUTSCH et al v. Republic of Hungary & Germany, 04-Civ-8457 (LTS);*
*Order to Show Cause for Preservation of Evidence – Page 3*

i.  All documents evidencing the interactions between the German
Ministry of Finance, including Dr. Feaux de la Croix (former
Finance Minister Director), and Olaf Freiherr von Klingspor and
Dr. Erich Fuhrer (of Austria – and alleged co-conspirators) related
to the former Hatvany Collection paintings and Prof. Hans
Deutsch;

j.  All documents evidencing the interactions between the German
Ministry of Finance, including Dr. Feaux de la Croix (former
Finance Minister Director), and Mr. George de Masirevich (of the
US – and alleged co-conspirator) related to the former Hatvany
Collection paintings and Prof. Hans Deutsch;

k.  All documents evidencing the interactions between the German
Ministry of Finance, including Dr. Feaux de la Croix (former
Finance Minister Director), and Olaf Freiherr von Klingspor and
Dr. Erich Fuhrer (of Austria – and alleged co-conspirators) related
to the former Hatvany Collection paintings and Prof. Hans
Deutsch;

*AHVRAM/DEUTSCH et al v. Russian Federation & Germany, 04-Civ-8456 (LTS);*
*AHVRAM/DEUTSCH et al v. Republic of Hungary & Germany, 04-Civ-8457 (LTS);*
*Order to Show Cause for Preservation of Evidence – Page 4*

l.  All documents related to the efforts and plans to reduce of change

the German Restitution programs based upon the criminal

prosecution and hope for conviction of Prof. Hans Deutsch;

m. All documents related to the plaintiffs claims in the above

referenced matters.

2.  Directing defendant Republic of Germany produce an inventory of all

of the documents in their possession that satisfy and/or are responsive

to sub-paragraphs 1 a. to 1. m.;

3.  Directing defendant Republic of Germany to produce copies of all

communications and/or directions that led to the November or

December 2004 Recall of The Deutsch File/Documents to the

Ministry of Finance in Berlin or to such other locations; and

4.  For such other relief as the Court deems just, equitable and in the

interests of justice.

**IT IS HEREBY FURTHER ORDERED** that pending the return date

defendants are restrained from destroying or allowing the destruction of any

documents related to or identified in paragraphs 1. a. to 1.m. above.

*AHVRAM/DEUTSCH et al v. Russian Federation & Germany, 04-Civ-8456 (LTS);*
*AHVRAM/DEUTSCH et al v. Republic of Hungary & Germany, 04-Civ-8457 (LTS);*
*Order to Show Cause for Preservation of Evidence – Page 5*

**IT IS HEREBY FURTHER ORDERED** that a copy of this Order to

*So as to be received*

Show Cause be served upon defendants' or their counsel on or before

*December 9, 2004* _____ via overnight delivery with proof of service to

their normal places of business offices as set forth below:

Hon. Uwe Karsten-Heye, Consul General of Republic of Germany
Consul General of the Republic of Germany
1st Avenue at 49th Street
New York, NY
Via Fax # (212) 610-9702

Hon. Minister Hans Eichel
German Minister of Finance
Wilhelmstrasse 97, Berlin – 10117
GERMANY
Via Fax +49-18-88-6-82-1128 - Email: poststelle@bmf.bund.de

**IT IS HEREBY FURTHER ORDERED** that answering Affidavits, if any,

*filed with the Court, with courtesy copies to chambers, and*

are required to be served upon plaintiff's counsel on or before

*December 14 2004 at 12 pm noon.*

·**IT IS HEREBY FURTHER ORDERED** that answering Reply Affidavits,

if any, are required to be served upon defendants' or defendants' counsel on or

before _____ .

Dated: *December 6, 2004*

Hon. Laura Taylor Swain, USDJ
Southern District of New York

AHVRAM/DEUTSCH et al v. Russian Federation & Germany, 04-Civ-8456 (LTS);
AHVRAM/DEUTSCH et al v. Republic of Hungary & Germany, 04-Civ-8457 (LTS);
Order to Show Cause for Preservation of Evidence – Page 6

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

| | | |
|---|---|---|
| ASSOCIATION OF HOLOCAUST VICTIMS | : | |
| FOR RESTITUTION OF ARTWORK | : | |
| and MASTERPIECES, a/k/a "AHVRAM", | : | CIVIL ACTION # |
| MRS. ERNA DEUTSCH; | : | |
| DR. JORAM DEUTSCH; | : | 04-CIV-8456 (LTS) |
| and EDWARD DAVIS FAGAN | : | |
| Plaintiffs, | : | |
| vs. | : | |
| | : | |
| FEDERATION OF RUSSIA; et al and | : | |
| REPUBLIC OF GERMANY, | : | |
| Defendants. | : | |

-------------------------------------------------------------X

-------------------------------------------------------------X

| | | |
|---|---|---|
| ASSOCIATION OF HOLOCAUST VICTIMS | : | |
| FOR RESTITUTION OF ARTWORK | : | |
| and MASTERPIECES, a/k/a "AHVRAM", | : | CIVIL ACTION # |
| MRS. ERNA DEUTSCH; | : | |
| DR. JORAM DEUTSCH; | : | 04-CIV-8457 (LTS) |
| and EDWARD DAVIS FAGAN, | : | |
| Plaintiffs, | : | |
| vs. | : | |
| | : | |
| REPUBLIC OF HUNGARY; et al and | : | |
| REPUBLIC OF GERMANY, | : | |
| Defendants. | : | |

-------------------------------------------------------------X

========================================================

## Affidavit of Dr. Joram Deutsch In Support of Plaintiffs' Order to Show Cause to Preserve and Inventory Documents, for Limited Production of Inventory & Documents and For Other Relief

========================================================

Dr. Joram Deutsch, hereby affirms and says:

1. I am one of the plaintiffs in this matter and I make this application in

   support of the emergency application to preserve and inventory evidence,

---

*AHVRAM/DEUTSCH et al v. Russian Federation & Germany, 04-Civ-8456 (LTS);*
*AHVRAM/DEUTSCH et al v. Republic of Hungary & Germany, 04-Civ-8457 (LTS);*
*Affidavit in Support of Order to Show Cause Regarding Evidence Preservation - Page 1*

for limited production of certain evidence and for such other relief as the
court deems just and equitable.

## EXPLANATION OF RIGHTS ACQUIRED BY HANS DEUTSCH

2.  I am the son of Prof. Hans Deutsch.  My father was the most famous
    Holocaust reparations lawyer during the post World War II period and
    represented thousands of Holocaust victims against the Federal Republic
    of Germany to recover reparations and other damages related to artwork,
    masterpieces, collections and other items of value.

3.  Among my father's former clients were some of the most famous and
    wealthiest Jewish families in the world, including the heirs of Baron
    Ferencz de Hatvany (hereinafter "Hatvany Heirs").

4.  Because of his fame and effectiveness in winning reparations for
    Holocaust victims, my father was targeted by members of the then
    German Government, which included persons who were formerly active
    members of the Nazi party.

5.  My father, his business and my family were victims of a conspiracy
    through the German officials sought to destroy my father, injure his clients
    and avoid their legal obligations to pay restitution to Holocaust victims.

6.  The conspiracy against my father included and/or related to claims for
    artwork which formerly belonged to Baron Ferencz de Hatvany.

7.  In 1964, my father was arrested and charged with criminal fraud.  He
    remained imprisoned for 18 months.  After 9 long years of legal battles, in
    1973, my father was acquitted by the German Supreme Court, called the

*AHVRAM/DEUTSCH et al v. Russian Federation & Germany, 04-Civ-8456 (LTS);*
*AHVRAM/DEUTSCH et al v. Republic of Hungary & Germany, 04-Civ-8457 (LTS);*
*Affidavit in Support of Order to Show Cause Regarding Evidence Preservation - Page 2*

actions of German Officials "reprehensible". While the charges against my father were dismissed, he was broken, his business was destroyed, client claims were damaged and all Holocaust Restitution programs suffered.

8. During this period, numerous claims were pending between the Federal Republic of Germany, the Hatvany Heirs and my father.

9. In or about 1973, the Hatvany Heirs, my father and Republic of Germany made certain settlements (hereinafter the "1973 Settlements") through which my father paid the Hatvany Heirs MILLIONS of Deutsche Marks – the present value of which conservatively exceeds 25 million dollars.

10. As a result of and/or with this payment, my father acquired, in whole or part, certain assets and rights in paintings, artwork and/or masterpieces which were are the subjects of these lawsuits.

11. The monetary consideration paid in these settlements was paid directly by my father to the Hatvany Heirs.

12. Among the artwork, paintings, masterpieces and/or items included in the claims that were originally made by my father on the Hatvany Heirs' behalf and which claims were paid for and/or satisfied by the Federal Republic of Germany and then by my father himself were the paintings, masterpieces and/or collections included in these complaints.

## INVESTIGATION OF DOCUMENTS & ESTABLISHMENT OF AHVRAM

13. For the last 40 years I have been fighting to locate and secure restitution and damages for what was done to my father, my family, his business and Holocaust victims in general.

*AHVRAM/DEUTSCH et al v. Russian Federation & Germany, 04-Civ-8456 (LTS);*
*AHVRAM/DEUTSCH et al v. Republic of Hungary & Germany, 04-Civ-8457 (LTS);*
*Affidavit in Support of Order to Show Cause Regarding Evidence Preservation - Page 3*

14. It was only in the last year that I began to uncover the evidence with which to make these claims for not only my family but for Holocaust victims who are still owed restitution and damages for looted artwork, masterpieces and/or collections looted by the Nazis and which have remained missing or unaccounted for ever since.

15. With Ed Fagan and a few others, I am one of the founders of the Association of Holocaust Victims for Restitution of Artwork and/or Masterpieces a/k/a AHVRAM.

16. AHVRAM was founded so that Holocaust victims, heirs and/or successors in interest to artwork, masterpieces and/or collections could make claims for restitution and damages.

17. In the last year, I have organized a group of researchers, consultants, art historians and experts who are helping locate and gather the evidence with which to make these and other related claims.

18. However, we JUST encountered a serious problem with the defendant Republic of Germany and I am worried and fearful that if the Court does NOT intervene and grant the Order to Preserve Evidence which we are requesting, the necessary documents ad evidence may NEVER be available to the plaintiffs or the Court in the future. Allow me to explain.

### SERIOUS DOCUMENT PRESERVATION ISSUES JUST ENCOUNTERED

19. I have just learned that ALL documents related to my father's Criminal Prosecution & Civil Claims in Germany ("The Deutsch Files") are being recalled to a "secure" location to the Ministry of Finance in Berlin.

*AHVRAM/DEUTSCH et al v. Russian Federation & Germany, 04-Civ-8456 (LTS);*
*AHVRAM/DEUTSCH et al v. Republic of Hungary & Germany, 04-Civ-8457 (LTS);*
*Affidavit in Support of Order to Show Cause Regarding Evidence Preservation - Page 4*

20. For the last 40 years, these documents were kept in various archives which throughout Germany.

21. In the last 6 – 9 months, we have started to discover documents that, among other things,

    a.  implicate officials of the German Republic and others in the failure to honor restitution claims, theft and/or wrongful retention of Holocaust victims artwork, masterpieces and collections that were originally stolen by the Nazis;

    b.  expose a conspiracy against my father which conspiracy was conceived and executed at/by persons in the highest levels of the German Government and other persons and officials in Austria, Hungary, Switzerland and the United States, and

    c.  shows that the German Republic and others are responsible for hundreds of millions if not billions of dollars in damages owed to plaintiffs and others based upon the looted artwork, masterpieces and collections and the damages to my father, my family, my father's clients and Holocaust victims in general.

## REPUBLIC OF GERMANY ON NOTICE OF CLAIMS DURING LAST YEAR

22. The defendant Republic of Germany has been on notice of our claims for almost one year.

23. In the last 6 months, we have requested that the officials of the Republic of Germany locate, preserve and produce certain documents related to

------

*AHVRAM/DEUTSCH et al v. Russian Federation & Germany, 04-Civ-8456 (LTS);*
*AHVRAM/DEUTSCH et al v. Republic of Hungary & Germany, 04-Civ-8457 (LTS);*
*Affidavit in Support of Order to Show Cause Regarding Evidence Preservation - Page 5*

plaintiffs' claims.  *See copies of the June 23 & 24, 2004 and October 20, 2004 Letters to Minister Hans Eichel.*

24. Despite our request, the officials of the Republic of Germany have refused to give us access to certain necessary documents which are necessary to the claims and to help us learn specific identities of potential future defendants and nature of additional claims that need to be made.

**IN LAST 2 WEEKS - DISCOVERY OF NEW INCRIMINATING DOCUMENTS**

25. Literally in the last two weeks, we started to discover very incriminating documents in certain German archives scattered around Germany. Several of the documents are very damning to defendant Republic of Germany in the instant claims.

26. Our researchers intended to return to some archives this week to get copies of certain documents and then to continue research to get to more documents.  We NEVER expected the Germans to "seal" the documents.

**JUST LEARNED THAT DOCUMENTS ARE BEING MOVED & CLASSIFIED**

27. However, our researchers were told last MONDAY that The Deutsch files and related documents were no longer going to be available as they were being transferred to Berlin.

28. The Deutsch files/documents are the primary source of the evidence upon which this claim and the related claims are being made.

29. It is these documents that will support our claim in this and the other related cases.

*AHVRAM/DEUTSCH et al v. Russian Federation & Germany, 04-Civ-8456 (LTS);*
*AHVRAM/DEUTSCH et al v. Republic of Hungary & Germany, 04-Civ-8457 (LTS);*
*Affidavit in Support of Order to Show Cause Regarding Evidence Preservation - Page 6*

30. These documents also provide a basis for our claims to the specific paintings set forth in the instant complaint, from the former Hatvany Collection which are in Hungary and Russia.

31. It is these documents that will allow plaintiffs to make their claims against the German Government for the restitution of these paintings under the German Restitution laws.

### DOCUMENTS IN DANGER OF BEING LOST/DESTROYED/WITHHELD

32. We reasonably believe, and have been informed, that the documents that defendant Republic of Germany is now collecting and secreting from us contain evidence related to our claims as set forth in the instant complaint.

33. We have been working to locate these documents for years.

34. It took us over 1 year to begin to find the relevant documents and now the key documents are leading our researchers from one set of important documents to another set of even more important documents.

35. While we were always worried that sooner or later the defendant Republic of Germany would try to stop us from finding documents, we NEVER thought they would actually restrict our access, move documents to inaccessible locations, destroy documents or "seal" them all together.

36. Based on what has JUST happened, we now believe that it is more than probable that the German Officials are trying to stop us and others from getting to the documents by restricting our access, moving documents out of the public archives to the Ministry of Finance, and "sealing" them all together. Here is what happened.

*AHVRAM/DEUTSCH et al v. Russian Federation & Germany, 04-Civ-8456 (LTS);*
*AHVRAM/DEUTSCH et al v. Republic of Hungary & Germany, 04-Civ-8457 (LTS);*
*Affidavit in Support of Order to Show Cause Regarding Evidence Preservation - Page 7*

37. On Monday November 29, 2004, our document researcher reported to ME that he was told that The Deutsch Files would <u>no longer be available for our inspection or review.</u>

38. Our researcher was told that the documents were being "relocated" to Berlin to the custody of the Ministry of Finance. *Note: It is the German Ministry of Finance that REFUSED to provide our access to even historical documents related to our claims.*

39. Based on our experiences in attempting to locate and review The Deutsch File documents which were in the possession of the Republic of Germany in the last 6 – 12 months and which relate to our claims, we have reason to believe that (i) certain documents may NEVER actually be transferred and may simply disappear; and (ii) after certain other documents get to Berlin, they will no longer be accessible to us or others.

## <u>DOCUMENTS NEED TO BE INVENTORIED & PROTECTED</u>

40. I reasonably believe that, if the Court does NOT permit plaintiffs to make the application for emergent relief and if the relief is NOT granted, necessary and relevant documents will be lost or unavailable to the Court considering these claims now and in the future.

41. If these documents are not preserved, if these documents are not inventoried, if we are not given access to the inventory and to certain of the documents, we will suffer irreparable harm and damages.

42. I am not asking for discovery.  I am asking for nothing more than the Court's intervention to insure that the status quo is maintained and that

*AHVRAM/DEUTSCH et al v. Russian Federation & Germany, 04-Civ-8456 (LTS);*
*AHVRAM/DEUTSCH et al v. Republic of Hungary & Germany, 04-Civ-8457 (LTS);*
*Affidavit in Support of Order to Show Cause Regarding Evidence Preservation - Page 8*

whatever documents exist, continue to exist so that they will be available to the parties and the Court in the future.

44. I therefore pray that the Court grant the emergency application and the relief requested therein.

Dr. Joram Deutsch

Dated: Dec 3rd. 2004
Geneva, Switzerland

## CERTIFICATION

I make this statement upon my own personal knowledge information and belief. I know the information to be true. I make the statements contained herein under penalty of perjury.

Date: Dec. 2nd. 2004

Dr. Joram Deutsch

/ No prior request for this relief has
- been sought.

Dec. 3, 2004                    Edward D. Fagen

*AHVRAM/DEUTSCH et al v. Russian Federation & Germany, 04-Civ-8456 (LWS);*
*AHVRAM/DEUTSCH et al v. Republic of Hungary & Germany, 04-Civ-8457 (LWS);*
*Affidavit in Support of Order to Show Cause Regarding Evidence Preservation - Page 9*

LAW OFFICES
140 Broadway, 46th Floor, New York, NY 10005
Email Address: faganlawintl@aol.com

**Hon. Hans Eichel, Bundesminister der Finanzen**
**Re: AHVRAM v. Bundesrepublik Deutschland – Art Restitution Cases**
**Wednesday, June 23, 2004 Letter – Page 2 . . . .**
--------------------------------------

a. *Conspired against the general policies, express agreements, treaties, conventions and approved budgets of, for and/or benefiting Holocaust victims with restitution claims to the aforesaid Artwork and/or Collections;*

b. *Withheld, concealed or helped others to withhold or conceal the aforesaid stolen Artwork and/or Collections;*

c. *Expropriated the aforesaid stolen Artwork and/or Collections;*

d. *Maintained Vaults and/or other Storage Facilities in which the stolen Artwork and/or Collections were stored;*

e. *Assisted in securing export licenses to transport stolen Artwork and/or Collections so as to keep them from the rightful owners;*

f. *Counseled other persons, including persons whose identities are not yet known to plaintiffs but who plaintiffs anticipate may need to be added after discovery, who were "holding" the stolen Artwork and/or Collections to achieve sales and/or laundering of property that did NOT lawfully belong to them in the first place and which may have included brokers and/or auctions houses that knew, should have known or could have determined through exercise of reasonable diligence that the Artwork and/or Collections were stolen from Holocaust victims;*

g. *Cooperated with or failed to restrain various "experts" from creating or fabricating documents, histories that could later be used to establish new provenances, i.e. ownership documents, with which the Artwork and/or Collections could be retained or withheld from victims;*

h. *published certain materials and/or literature and/or made certain public statements, that were careless, reckless, negligent and/or knowingly false about and/or so as to misrepresent the true origins, histories, provenances, authenticity and/or owners of aforesaid Artwork and/or Collections;*

# Edward D. Fagan Esq.

*LAW OFFICES*
140 Broadway, 46th Floor, New York, NY 10005
Email Address: faganlawintl@aol.com

**Hon. Hans Eichel, Bundesminister der Finanzen**
**Re:  AHVRAM v. Bundesrepublik Deutschland – Art Restitution Cases**
**Wednesday, June 23, 2004 Letter – Page 3 . . . .**
-------------------------------------

> i. *failed to take necessary and/or reasonable steps and/or adhere to applicable standards of due diligence and/or professional responsibility in determining the true origins, histories, provenances, authenticity and/or owners of the aforesaid Artwork and/or Collections; and*

> j. *failed to take necessary or reasonable steps or adhere to locate Holocaust victims, their heir, successors or representatives in the Holocaust victim community to whom the aforesaid Artwork and/or Collections could or should be returned.*

8. *As a result of the activities during the Holocaust and after the Holocaust, defendant FEDERAL REPUBLIC OF GERMANY, assisted directly or indirectly in the wrongful expropriation, withholding or profiteering from Artwork and/or Collections (i) that were stolen by the Nazis from Holocaust Victims, (ii) that have never been accounted for, (iii) that have never been disclosed and (iv) that have been wrongfully withheld from the rightful, lawful or equitable owners.*
   <u>*See Excerpts from Copy of Complaint attached hereto.*</u>

**The Artwork and/or Collections being claimed belong to Holocaust victims, or their heirs, beneficiaries and/or representatives or the Holocaust victims worldwide as a group.  The certainly do not belong to and may not be kept by the Bundesrepublik.  The Artwork and/or Collections being claimed have been for the last almost 60 years, under the management, custody and/or control of Mr. Koenig, a Leitender Beamter in the Oberfinanzdirektion Berlin, or his predecessors.**

**One of my clients – Dr. Joram Deutsch - is the spokesperson for AHVRAM.  He is also the son of Prof. Dr. Hans Deutsch who was the victim of an alleged conspiracy led by persons formerly in and/or acting in concert with the Bundesministerium der Finanzen.  As your aides can inform you, Dr. Hans Deutsch was "crucified" by persons formerly in your Ministry.  The object of the alleged conspiracy was not just the destruction of Dr. Deutsch, his family, his business and his clients' claims.  The object of the alleged conspiracy was also the evisceration of the German Restitution program for Artwork and/or Collections.**

LAW OFFICES
140 Broadway, 46th Floor, New York, NY 10005
Case 1:04-cv-08457-LTS   Document 4   Filed 12/06/2004   Page 19 of 27
Email Address: faganlawintl@aol.com

**Hon. Hans Eichel, Bundesminister der Finanzen**
**Re: _AHVRAM v. Bundesrepublik Deutschland – Art Restitution Cases_**
**Wednesday, June 23, 2004 Letter – Page 4 . . . .**
-----------------------------------------



The evidence which my clients have discovered during the last few years in not only compelling but it will call into question the integrity of the entire Restitution programs and test the true intentions of the Bundesrepublik with regard to restitution of Artwork and/or Collections to Holocaust victims.



What we have discovered shows representatives of the Bundesrepublik had direct involvement in the alleged conspiracy against Dr. Hans Deutsch and which as the evidence suggests was to affect and all restitution issues and thereby prejudice Holocaust victims and benefit the Bundesrepublik.

I am writing this letter and delivering it to you today because we have learned that meetings are being held today and tomorrow involving the Zwangsarbeiter Stiftungs Gesetz or the Foundation for the German Global Settlement.  I respectfully submit that these Art Claims and issues might be an important addition to the agenda for discussion these next few days.  And, for that reason I am copying some of the participants at these meetings, whom I believe have a direct interest in these matters.

We sent this letter to help focus Your Ministry and discussions related to the clarification about the nature and basis of the Claims and so that we can meet in the coming month to discuss these issues directly, in person and confidentially.

The new evidence we have discovered and which we submit supports the Claims as articulated in the complaint, further calls into question the integrity of the Bundesrepublik's accounting, historical efforts and cooperation in the resolution of claims and restitution of Artwork and/or Collections to Holocaust victims.   Although our investigation continues, among other things, to date, we have discovered the following:

- An alleged conspiracy, starting in late 1950s and continuing or the affects continuing 'til today, was enacted against Holocaust victims, the restitution programs themselves and Dr. Hans Deutsch;

- A part of or the intended result of the alleged conspiracy was to allow the Bundesrepublik to wrongfully retain 2 billion DM, from 1960s to the present, from holocaust victims restitution programs;

# Edward D. Fagan Esq.
### LAW OFFICES
140 Broadway, 46th Floor, New York, NY 10005
Email Address: faganlawintl@aol.com

Hon. Hans Eichel, Bundesminister der Finanzen
Re: AHVRAM v. Bundesrepublik Deutschland – Art Restitution Cases
Wednesday, June 23, 2004 Letter – Page 5 . . . .

--------------------------------------

- Witnesses exist and can testify to the extent of the alleged conspiracy, which according to witnesses and evidence, goes to predecessors of yours at the heights levels in the your Ministry and responsible persons in the Bundesrepublik;

- The alleged conspiracy organized here in Deutschland, was effectuated together with and/or with the assistance of officials in other countries, including Austria and Hungary, who working in concert with the Bundesrepublik; and

- Documents and evidence exists to show that some Persons involved in, and/or who helped accomplish the conspiracy, include such notorious persons as Dr. Erich Fuhrer (working from Vienna) and Oberministerialdirigent Feaux DeLaCroix.

The Documents and evidence will specifically implicate the Bundesrepublik. Certain persons, who are important actors and/or conspirators in some of the events which we have described in the complaint and/or who have knowledge of how we allege the Bundesrepublik benefited from being involved with the alleged conspiracy, have come forward and provided us – albeit reluctantly or unknowingly with much of this information. We also have evidence that suggests and/or implicates the Bundesrepublik with falsification of documents, inducing false testimony and conspiracy to commit fraud on individuals and organizations. We of course have MUCH MUCH MORE.

Simply put, we have amassed enough evidence that caused us – ALL OF US – witnesses, claimants, lawyers and investigators - to travel to Berlin to inform your offices directly and to give you, your offices and the Bundesrepublik the opportunity to show the good will and good intentions which we BELIEVE you have and which you demonstrated in the past few years.

However this issue is serious. The victim community is dying and we will NOT stand by for years of discussions.

# Edward D. Fagan Esq.
*LAW OFFICES*
140 Broadway, 46th Floor, New York, NY 10005
Email Address: faganlawintl@aol.com

**Hon. Hans Eichel, Bundesminister der Finanzen**
**Re: *AHVRAM v. Bundesrepublik Deutschland – Art Restitution Cases***
**Wednesday, June 23, 2004 Letter – Page 6 . . . .**
-----------------------------------

However, this issue is serious. The victim community is dying and we will NOT stand by for years of discussions.

We are prepared to meet with you and your advisors quietly, confidentially and for the express purpose of resolving claims, including the individual claim of the Deutsch family, in a way that is consistent with how the Bundesrepublik resolved prior Holocaust property claims.

As we did when we worked from 1998 – 2000, we are confidant the Bundesrepublik will be recognize the need to resolve this matter quickly and justly because of the issues, moral imperatives, legal obligation imposed by prior cases and the duties owed to the persons who are the rightful owners, heirs and/or beneficiaries of Art or Paintings.

As you know, the Supreme Court of the United States on June 7, 2004 in *Republic of Austria v. Maria Altman,* made it clear that Bundesrepublik Deutschland, and for that matter Austria, Hungary, France and other countries are NO LONGER immune from claims including wrongful expropriation of Holocaust victim artwork. We are prepared to litigate but would hope – for the sake of the victims – that there is another reasonable way. And, as we have stated publicly, we believe that any resolution of the claims, other than the individual restitution should ultimately flow into and be administered by the German Foundation.

We will await information about a meeting to be held on or before July 26, 2004. Please direct your response by email to my colleague Dr. Manfred Kahl whose contact information is provided below and who will inform me of the date and time for our meeting.

Respectfully submitted,

Edward D. Fagan

Cc:  Hon. Amb. Noah Flug – by hand at Mercure Hotel, Berlin
Mr. Gideon Taylor – by hand at Mercure Hotel, Berlin
Prof. Burt Neuborne – by hand at Mercure Hotel, Berlin
Dr. Israel Singer – by hand at Mercure Hotel, Berlin
Dr. Manfred Kahl – mail@kahl-associates.de
Dr. Gerhard Podovsovnik – dr.gerhard@podovsovnik.at

# Edward D. Fagan Esq.
### LAW OFFICES
140 Broadway, 46th Floor, New York, NY 10005
Email Address: faganlawintl@aol.com

*Via Facsimile Delivery*                           *Thursday, June 24, 2004*
Hon. Minister Hans Eichel
Bundesminister der Finanzen
Wilhelmstrasse 97
Berlin – 10117, GERMANY

### Re:  AHVRAM v. Bundesrepublik Deutschland – Art Restitution Cases

Honorable Minister:

I write this letter as a follow up to my letter from yesterday.  What prompts me to write the letter is the admission of the Bundesministerium der Finanzen – your Ministry - that appears in today's edition of the *Berliner Zeitung* which incorporates a DPA article.  *See copy of article attached for ease of reference.*

The admission is:
> *A spokesperson from the Ministry of Finanz stated*
> *that the artwork that is in the custody of the Bundesrepublik*
> *has been insured for a value of 60 million Euro.*

In another article, the Bundesrepublik is reported as stating that they have "showed" all the property of art "owned" by the Bundesrepublik on the internet.   That article appeared in the June 23, 2004 edition of *Spiegel Online.   See copy of article attached for ease of reference.*

We are pleased to see the admissions of Bundesrepublik about its retention of the artwork and its insurance of the artwork.  And, we are pleased to see that the Bundesrepublik claims to have an internet site for all the art it "owns".

However, these admissions raise certain concerns which we believe should be and can be addressed quickly, to avoid further unnecessary confrontation.  Our concerns include (i) what is the list upon which the insured value was determined, (ii) what is the insurance company that issued the policy, (iii) on what basis and when was the insured value determined, (iv) on whose expertise was the insured valued determined, (v) how, where and under what conditions is the artwork being stored to insure that its value is preserved, and (vi) what is the website address and how is the artwork identified as to what was legitimately owned and/or has been retained because of the Bundesrepublik claims that it cannot find the owners.

Edward D. Fagan Esq.

LAW OFFICES

140 Broadway, 46th Floor, New York, NY 10005

Email Address: faganlawintl@aol.com

Hon. Bundesminister der Finanzen
Re: AHVRAM v. Bundesrepublik Deutschland – Art Restitution Cases
Thursday, June 24, 2004 Letter – Page 2 . . . .

Because of these concerns, we respectfully request a meeting until the week of July 26th. At which meeting, we propose to discuss the following disclosures which we request be made, and procedures which we believe should be immediately implemented for the sake of the Holocaust victims:



1. Disclosure of the insurance policy and all applications and supporting documents, including expertises upon which the value was determined;

2. Disclosure of the full list of the paintings for which the Bundesrepublik claimed it has NOT been unable to find or locate the true "owners" of the artwork;

3. Disclosure of the protocols the Bundesrepublik has used and potential new protocols that could or should be used in attempting to locate the owners. *Note: We believe the Bundesrepublik should implement a notification/worldwide search protocol similar to that used by the Swiss Banks from 1996 forward, in their search for missing deposited assets owners*;

4. Disclosure of the location, conditions and safeguards under which the paintings are being kept. *Note: We believe an independent appraiser/expert should be permit to immediately enter and review the conditions and the paintings*;

5. Disclosure of a secret protocol and all notes related thereto of a 1963 Meeting of former SS members who were convened in Spain, and which meeting included persons working in conjunction with the Ministry, and who during the meeting dedicated a portion of the discussion to issues related to Art Restitution. *Note: We have reason to believe that some of these persons were or may have been involved with matters that helped frustrate the ability of victims to make claims or frustrated the Art Restitution programs*;

LAW OFFICES
140 Broadway, 46th Floor, New York, NY 10005
Email Address: faganlawintl@aol.com

Hon. Hans Eichel, Bundesminister der Finanzen
Re:  AHVRAM v. Bundesrepublik Deutschland – Art Restitution Cases
Thursday, June 24, 2004 Letter – Page 3 . . . .

----------------------------------

We respectfully request that by, Monday June 28, 2004, we receive the
favor of your reply and agreement to hold such a meeting until the week
of July 26, 2004.  Kindly direct your response to my colleague Dr.
Manfred Kahl whose contact information is provided below.

Respectfully submitted,

Edward D. Fagan

Cc:    Dr. Manfred Kahl LLM – mail@kahl-associates.de
       Dr. Gerhard Podovsovnik – dr.gerhard@podovsovnik.at

# Edward D. Fagan Esq.

## Law Offices

### 140 Broadway, 46th Floor, New York, NY 10005

Tel. (212) 858-7605 & Email Address: faganlawintl@aol.com

Via Electronic Delivery to poststelle@bmf.bund.de      Wednesday October 20, 2004
And Fax Delivery to +49-18-88-6-82-1128
Honorable Minister Hans Eichel
Bundesministerium der Finanzen
11016 Berlin, Germany

Re:     Association of Holocaust Victims for Restitution of Artwork and
       Masterpieces a/k/a AHVRAM, Deutsch and others v. Republic of Germany

Hon. Minister Eichel:

As you should recall, my colleagues and I represent AHVRAM, the heirs of Prof. Hans
Deutsch and others with claims against the Republic of Germany ("Germany") for return,
restitution and damages related to looted artwork masterpieces, collections and other
property.

On June 23, 2004, we wrote you to explain the evidence that had been gathered by
independent art historians, experts, researchers and documentary investigators. This evidence
shows the outstanding obligation of Germany to my clients, the plaintiffs in certain actions,
including Holocaust victims, and their heirs, beneficiaries or successors. In that letter, I
extended my hand in friendship and hoped you would accept the offer to talk so we could
work cooperatively toward a rsponsible resolution of these issues. *A copy of my June 23,
2004 letter is attached for ease of reference.*

Your response dated July 9, 2004 (which was sent to my former colleague Dr. Manfred Kahl)
was very disappointing, to say the lesast. All your subordinate did in the July 9, 2004 letter
was reiterate how much Germany claims it has done on the issue of art restitution. Your
subordinate's letter then gives very disappointing excuses for why restitution was NEVER
made or achieved. It listed a useless website. In truth the July 9, 2004 letter failed to
provide any response to my June 23, 2004 letter. *A copy of your Ministry's July 9, 2004
leter is attached for ease of reference.*

In an interview given before your July 9, 2004 letter, an German official admitted that
Germany continues to withhold what your Ministry has insured as 60 million Euro worth of
undisclosed artwork, collections, masterpieces or other items of value looted by the Nazis
from Holocaust victims. Your Ministry and Germany simply refuses to hold onto property
from heirs, beneficiaries, successors and/or de-facto successors to this property. The excuse
is Germany does not know to whom it should be given – so Germany holds onto the property.
This retention is wrongful and one thing is certain Germany should NOT be entitled to retain
this property. The property and items MUST be given back directly or beneficially to or for
the benefit of Holocaust victims.

On June 24, 2004, I wrote a follow up letter and requested very specific information based upon the admissions by your Ministry on or about June 23/4, 2004.  You did not even extend me the courtesy of a reply, let alone acknowledge the specific requests/demands of my June 24, 2004 letter.   *A copy of my June 24, 2004 letter is attached for ease of reference.*

Since June 24, 2004, to our knowledge Germany has done NOTHING to take responsible action to deal with the liegitmate issues raised in my June 23 & 24, 2004 letter.  We know of NO restitution of the 60 million Euro admittedly withheld items/property.  We know of NO programs to return that property.  We know of NO good faith programs to research, confirm and actions to resolve the claims we raised.   There is and can be NO excuses for this.

Since my June 24, 2004 letter several significant discoveries have been amde and as a result Dr. Joram Deutsch (son of the late Prof. Hans Deutsch) is not only the spokesperson for AHVRAM but he is (and I and others are) successors in interest to looted artwork, masterpieces, collections and other proerpty for which we can and will hold Germany and other countries (including but not limited to Austria, Greece, France, Hungary, Russia & The Czech Republic) responsible to return the property, pay restitution and/damages.

The reasons for these claims include the outright wrongful taking or retention of the artwork, collection of the items/property, or conspiring with others to do so, or secretly storing and withholding such items/property.  And, as you should know, in addition to the violation of Post World War II treaties, conventions and diplomatic letters, such actions are even in violation of the „Good Neighbor Treaties" and other post 1990 treaties/conventions between members countries in the European Union.  Your failure to honor these treaties by seeking to enforce them against Germany's „neighbors" could easily be construed as a violation of ongoing EU obligations designed to restitute identifiable property to Holocaust victims in countries such as The Former Soviet Union, The Czech Republic, Hungary and others.

Finally, in case you do not recall, it was on November 3, 2004 that Prof. Hans Deustch was wrongfully arrested IN YOUR MINISTRY for an alleged fraud against Germany.  The charges were of course false and as we have discovered (and explained to you) Prof. Deutsch himself, his family and his clients in particular and indeed Holocaust restitution as a whole were the victims of a conspiracy that we have discovered and believe was an act that was sanctioned – even planned by officials at the highest levels of Germany in the early 1960s.  Prof. Deutsch was released after being wrongfully imprisoned for 18 months. He, his family, his clients and Holocaust restitution was NEVER the same.   The conspiracy of Germany offices succeeded and Prof. Deutsch, his family, his clients and Holocaust victims suffered horrible and in some cases irreparable damages.

The 40th Anniversary of that outrageous and scandalous day is approaching.  In the memory and honor of Prof. Deutsch, we demand that you meet us on that day and to provide direct answers to us in response the issues raised in my June 23 & 24, 2004 letter.

We will be in Berlin at Your Ministry at 12:30 on Nov. 3, 2004 and hope that you will take this chance to work cooperatively toward a solution that is everyone's best interest and honors the long overdue debt to Prof. Deutsch, his family, his former clients and all Holocaust victims.

Respectfully submitted,

/s/ *Edward D. Fagan*

Edward D. Fagan

CC:     Dr. Joram Deutsch - Via email - w/attachments
        Dr. Gerhard Podovsovnik – Via email – w/attachments
        Dr. Herwig Hasslacher – Via email – w/attachments