UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

Association of Holocaust Victims for
Restitution of Artwork and Masterpieces, et al.,

        Plaintiff(s),

    -v-

Federation of Russia, et al., and Republic of Germany,

        Defendant(s).

-----------------------------------------------------------x

Association of Holocaust Victims for
Restitution of Artwork and Masterpieces, et al.,

        Plaintiff(s),

    -v-

Republic of Hungary, et al., and Republic of Germany,

        Defendant(s).

-----------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/10/05

No. 04 Civ. 8456 (LTS)(HBP)

No. 04 Civ. 8457 (LTS)(HBP)

## ORDER

    These actions were commenced by the filing of Complaints on October 27, 2004.

On December 6, 2004, Plaintiffs' counsel presented to the Court a proposed Order to Show Cause

and application for temporary and preliminary injunctive relief relating to the identification and

preservation by Defendant Republic of Germany ("Germany") of certain allegedly relevant

evidence located in Germany. There was no indication on the docket at that time, nor was any

other indication provided to the Court, that Plaintiffs had taken any steps up to that point to serve

Dockets.Justia.com

Germany or any of the other defendants in these actions with process in accordance with 28 U.S.C. § 1608 or other applicable law.  Rather, Plaintiffs' counsel represented that he had left copies of the Complaints with the German consulate in New York and that Germany had refused to accept such service as sufficient.

The Court directed Plaintiffs' counsel to provide a copy of their application for the Order to Show Cause to Germany's consulate and to notify Germany's consulate that the Court would hear the application in open court on December 16, 2004.[1]  At the December 6 conference, Plaintiffs' counsel represented that he had attempted to notify Germany of the conference by sending an e-mail to the office of the German Ministry of Finance and by calling the German Consul's office and leaving messages regarding the December 6 conference, and further, that he faxed a copy of Plaintiffs' December 3, 2004 letter to the Court requesting an Order to Show Cause hearing, along with the proposed Order to Show Cause and the corresponding Affidavit of Joram Deustch; Germany did not appear at the December 6 conference.  In response to concerns expressed by the Court concerning the sufficiency of Plaintiffs' service efforts, Plaintiffs withdrew their request for a temporary restraining order but requested that the Order to Show Cause be issued, setting a hearing date for Plaintiffs' application for preliminary injunctive relief relating to evidence allegedly being secreted by Germany.  The Court endorsed the Order to Show Cause, setting a December 16, 2004, hearing date.

On December 9, 2004, Germany filed a motion to dismiss the Complaints in the above-captioned actions for lack of subject matter jurisdiction, insufficient service of process, and lack of personal jurisdiction, as well as a memorandum in opposition to the application for

---

[1]     The hearing was subsequently adjourned to December 17, 2004.

preliminary injunctive relief. Counsel for Germany appeared at the December 17, 2004, hearing for the limited purposes of contesting jurisdiction and Plaintiffs' application for injunctive relief; the Court heard arguments of counsel on these issues and set a schedule for briefing of the motion to dismiss, carrying the motion and the preliminary injunction application to a further hearing date of January 14, 2005, in anticipation of Plaintiffs' timely service and filing of opposition to the motion to dismiss and possible filing and service of an amended complaint in that connection. The Court set December 28, 2004, as the deadline for filing and service of opposition papers to the motion to dismiss, and January 7, 2005, as the deadline for filing and service of Germany's reply papers. Noting that this case has been designated one in which electronic filing and service is required in accordance with the rules of the United States District Court for the Southern District of New York, the Court specifically directed Plaintiffs' counsel to file and serve its opposition and all future papers electronically, as well as promptly to file and serve electronically copies of all of the post-Complaint papers Plaintiffs had previously purported to serve by fax or hand delivery to Chambers.

The deadlines that the Court set on December 17, 2004, for full briefing of the motion to dismiss have passed. Plaintiffs have filed nothing with the Clerk of Court, electronically or otherwise, and have provided no evidence of proper electronic service of any documents on Germany's counsel. Rather, Plaintiffs's counsel sent to Chambers paper copies, marked "Judge," on or after December 31, 2004, of a memorandum of law and an Affidavit of Joram Deutsch, in opposition to the motion to dismiss, in further support of the application for injunctive relief, and in support of Plaintiffs' request for "jurisdictional discovery," with a copy of an affidavit attesting to service of those papers on Germany's Washington, D.C. - based counsel on December 31, 2004, *by first-class mail*. The papers do not attempt to argue that the Complaints Plaintiffs have filed with the Court are sufficient to support subject matter jurisdiction insofar as they assert claims against

Germany. Rather, Plaintiffs assert in these papers that amended complaints – documents that have neither been filed with the Court nor, apparently, served on any party – are sufficient to support subject matter jurisdiction and that the motion to dismiss should be denied on that basis.

On January 5, 2005, Germany filed electronically a reply memorandum noting Plaintiffs' failures to comply with the Court's orders concerning the filing and service of papers, to file and serve the amended complaints referred to in Plaintiffs' purported opposition papers, and to respond to Germany's arguments concerning insufficiency of the original Complaints to support the exercise of subject matter jurisdiction, and requesting that the Complaints be dismissed as against Germany, the Order to Show Cause vacated, and final judgment entered in Germany's favor pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Plaintiffs have clearly defaulted on their opportunity to interpose proper and timely opposition to Germany's motion to dismiss the Complaints. Furthermore, having reviewed Germany's arguments as well as the papers untimely and improperly sent by Plaintiffs to Chambers, the Court has determined that the Complaints on file with this Court are insufficient to support the exercise of subject matter jurisdiction with respect to the claims asserted against Germany in this action. The Court considers only those initial Complaints because, even if the Court were to excuse Plaintiffs' egregious failures to file timely papers and follow proper procedures, Plaintiffs' arguments with respect to the sufficiency of the phantom amended complaints are irrelevant to the determination of the merits of the instant motion to dismiss, in that no amended complaints have been filed or served.

The exercise of jurisdiction by federal courts of claims against foreign states is governed by the Foreign Sovereign Immunities Act, section 1604 of which provides, in pertinent part, that "a foreign state shall be immune from the jurisdiction of the courts of the United States. . .

except as provided in sectio[n] 1605 . . . of this chapter.  28 U.S.C.A. § 1604 (West 1994).  The

portion of section 1605 that is relevant to the claims asserted in the instant Complaints permits the

exercise of subject matter jurisdiction of claims

> in which rights in property taken in violation of international law are in issue and that
> property or any property exchanged for such property is present in the United States in
> connection with a commercial activity carried on in the United States by the foreign state; or
> that property or any property exchanged for such property is owned or operated by an
> agency or instrumentality of the foreign state and that agency or instrumentality is engaged
> in a commercial activity in the United States.

28 U.S.C.A. § 1605(a)(3) (West 1994).

The instant Complaints name Germany itself, a foreign state, rather than any agency

or instrumentality of that state, as party defendant.  Accordingly, the requisites of the first clause of

subsection 1605(a)(3) must be satisfied to defeat the general principle of state immunity.  It is clear

on the face of the Complaints that their allegations are insufficient to support the exercise of

jurisdiction pursuant to this clause because they allege that the property at issue is located in Russia

and Hungary.  (04 Civ. 8456 Compl. ¶¶ 7, 47, 51, 81, 83; 04 Civ. 8457 Compl. ¶¶ 8, 47, 58, 71.)

Germany's motion to dismiss the Complaints for lack of subject matter jurisdiction must therefore

be granted.  In light of the Court's determination of the subject matter jurisdiction issue, it is

unnecessary to address Germany's arguments that the Complaints should be dismissed for lack of

personal jurisdiction and sufficiency of process.

Because the Court lacks subject matter jurisdiction of the claims Plaintiffs have

asserted against Germany and because there is no indication that any of Plaintiffs' pleadings have

been served in a manner sufficient to support the exercise of personal jurisdiction over Germany,

the Court's December 6, 2004, Order to Show Cause is hereby vacated.

The Court declines to grant Germany's application for entry of final judgment in its

favor pursuant to Rule 54(b) of the Federal Rules of Civil Procedure because Plaintiffs' time under

Rule 4 of the Federal Rules of Civil Procedure to effectuate service of process has not yet expired.

Thus, it cannot be said at this point that there is no just reason for the delay of entry of final

judgment.  Should Plaintiffs timely and properly file pleadings sufficient to support the exercise of

subject matter jurisdiction of their claims and serve such pleadings in a manner sufficient to support

the exercise of personal jurisdiction over Germany, the interests of justice would favor adjudication

of their claims on the merits.  At this early stage of the litigation, and given the assertion of claims

against other parties in the pleadings that are on file, there is no just reason to preclude Plaintiffs

from making further efforts to properly assert their claims.  Germany is, of course, free to respond

appropriately to any future attempts by Plaintiffs to revive claims against it.

Accordingly:  (1) Germany's motion to dismiss the above-captioned Complaints for lack of subject matter jurisdiction is hereby granted; (2) the Court's December 6, 2004, Order to Show Cause is hereby vacated, and Plaintiffs' application for "Preservation, Inventory and Limited Production of Certain Documents" is hereby denied without prejudice; and (3) Germany's application for entry of final judgment in its favor pursuant to Rule 54(b) of the Federal Rules of Civil Procedure is denied.  In light of the foregoing determinations of all of the currently pending issues in these cases, the hearing scheduled for January 14, 2005, is cancelled.

SO ORDERED.


Dated: New York, New York
      January 10, 2005


                                              LAURA TAYLOR SWAIN
                                              United States District Judge